TODD KIM
Assistant Attorney General
ALEX J. HARDEE (NC Bar No. 56321)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
202-305-5105
alex.hardee@usdoj.gov

KRISTIN HENRY (CA Bar No. 220908)
JOSHUA SMITH (OR Bar No. 071757)
DRU SPILLER (DC Bar No. 1736750)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5716
kristin.henry@sierraclub.org
joshua.smith@sierraclub.org
dru.spiller@sierraclub.org

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>                 Plaintiff,<br><br>       v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>                 Defendants. | Case No. 3:23-cv-00780-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff Sierra Club and Defendants United States Environmental Protection Agency and Administrator Michael S. Regan (EPA) jointly moved to enter a Consent Decree resolving this Clean Air Act (CAA) case on September 22, 2023. Dkt. 34. In response to the Court's October 2, 2023 Order to file a Joint Case Management Statement (Dkt. 35), and pursuant to the Standing Order of the Northern District of California,[1] the parties jointly state the following:

1. <u>Jurisdiction and Service</u>: The bases for subject matter jurisdiction are 42 U.S.C. § 7604(a)(2) (CAA citizen suit) and 28 U.S.C. § 1331 (federal question). There are no questions regarding personal jurisdiction. Defendants do not contest that the Northern District of California is a proper venue for this action based on Plaintiff's residence, *see* 28 U.S.C. § 1391(e).

2. <u>Facts</u>: In 2010, EPA promulgated a stricter National Ambient Air Quality Standard (NAAQS) for sulfur dioxide ($SO_2$), an air pollutant regulated under the CAA. 75 Fed. Reg. 35520 (June 22, 2010). In 2016, under 42 U.S.C. § 7407(d), EPA determined that an area comprising portions of Rusk and Panola Counties, Texas, failed to meet the 2010 $SO_2$ NAAQS, and accordingly the Agency designated that area—alongside several others—as nonattainment. 81 Fed. Reg. 89870 (Dec. 13, 2016). This designation, which was effective January 12, 2017, required the State of Texas to submit, within 18 months (i.e. by July 12, 2018), a State Implementation Plan (SIP) to achieve compliance with the NAAQS. *See* 42 U.S.C. § 7514. Texas did not submit a SIP by that date and in August 2020 EPA published a finding that Texas had not done so. 85 Fed. Reg. 48111 (Aug. 10, 2020) (finding of failure to submit). The CAA requires EPA to promulgate a Federal Implementation Plan (FIP) for a given nonattainment area within two years of publishing a finding of failure to submit, unless the Agency approves a SIP satisfying the relevant requirements of the CAA before promulgating a FIP. 42 U.S.C. 7410(c)(1)(A). Plaintiff alleges that EPA has not performed this nondiscretionary duty as to the Rusk-Panola $SO_2$ NAAQS nonattainment area, and that injuries to Plaintiff have resulted. *See id*.; Compl. ¶¶ 30-44. EPA acknowledges that it has not promulgated a FIP for the nonattainment

---

[1] *Available at* https://www.cand.uscourts.gov/wp-content/uploads/judges/Standing_Order_All_Judges_1.17.23.pdf.

1   area. The proposed Consent Decree provides a deadline of December 13, 2024 for EPA to
2   promulgate a FIP, unless EPA approves a corrective SIP satisfying the requirements of CAA
3   section 172(c), 42 U.S.C. § 7502(c), before that date.[2] Dkt. 34-1 ¶ 2.
4        3.   <u>Legal Issues</u>: Because EPA acknowledges it has not issued a FIP for the Rusk-
5   Panola nonattainment area, the principal legal issue is what is the appropriate remedy; i.e., what
6   deadline should the Court impose on EPA to take action. The proposed Consent Decree resolves
7   the legal issues presented in this case.
8        4.   <u>Motions</u>: The parties previously filed several joint stipulations to extend the case
9   management deadlines, to provide time to settle the case and meet associated administrative
10  requirements such as public notice and comment under Clean Air Act § 113(g), 42 U.S.C. §
11  7413(g). *See* Dkt. 19, 21, 23, 26. The Court granted these stipulations in whole or in part. Dkt.
12  20, 22, 24, 27. On September 22, the deadline for the parties to complete initial disclosures and
13  file a Case Management Statement under the Court's order granting the parties' most recent
14  request for extension (Dkt. 27), the parties filed a joint motion to enter the proposed Consent
15  Decree resolving Plaintiff's claims in this case. Dkt. 34. The parties' reason for not filing a Case
16  Management Statement was their belief that jointly moving to enter the proposed Consent
17  Decree by September 22, 2023 would obviate the need for such a Statement. The parties do not
18  anticipate any additional motions if the case is resolved pursuant to entry of the proposed
19  Consent Decree.
20       5.   <u>Amendment of Pleadings</u>: The parties do not anticipate any amended pleadings.
21       6.   <u>Evidence Preservation</u>: The parties have reviewed the Guidelines Relating to the
22  Discovery of Electronically Stored Information but do not anticipate preserving evidence or
23  compiling an administrative record for this case, based on their joint motion to enter the
24  proposed Consent Decree.

---

[2] Texas submitted a SIP on February 28, 2022. *Available at* https://www.tceq.texas.gov/downloads/air-quality/sip/so2/rusk-panola/20057sip_ruskpanola_adsip_adoption_web.pdf.

7. <u>Disclosures</u>: The parties have not made any initial disclosures because they agree that this case should be resolved on the existing record without the presentation of evidence.

8. <u>Discovery</u>: The parties do not anticipate the need for discovery in this case.

9. <u>Class actions</u>: Not applicable.

10. <u>Related Cases</u>: The parties are not aware of any related cases but note for completeness that the State of Texas, Texas Commission on Environmental Quality, and Luminant Generation Company LLC have petitioned for review of EPA's nonattainment designation for the Rusk-Panola nonattainment area in the U.S. Court of Appeals for the Fifth Circuit. *See Texas, et al. v. EPA*, No. 17-60088 (5th Cir.). That case has been fully briefed and argued and is awaiting a decision from the Court of Appeals.

11. <u>Relief</u>: The complaint seeks declaratory relief, a mandatory injunction requiring EPA to issue a FIP or approve a corrected SIP for the Rusk-Panola nonattainment area by a date certain, and reasonable attorney fees and costs pursuant to 42 U.S.C. § 7604(d). Compl. at 17. The proposed Consent Decree provides that EPA will sign a notice of final rulemaking promulgating a FIP by December 13, 2024, unless EPA approves a corrective SIP before that date. Dkt. 34-1 ¶ 2. The proposed Consent Decree resolves Plaintiff's claims for relief except attorney fees and costs. The proposed Consent Decree provides a period for the parties to resolve any claim for costs of litigation including attorney fees, and if they cannot, allows Plaintiff to file a motion for costs, which EPA may oppose. *Id.* ¶ 10.

12. <u>Settlement and ADR</u>: The parties negotiated in good faith to settle this case and accordingly have jointly moved to enter the proposed Consent Decree.

13. <u>Other References</u>: Not applicable.

14. <u>Narrowing of Issues</u>: The principal issue in this case is the date for EPA's performance of a nondiscretionary duty contained within 42 U.S.C. § 7410(c)(1)(A). The proposed Consent Decree resolves this issue.

15. <u>Expedited Trial Procedure</u>: Not applicable.

16. <u>Scheduling</u>: Not applicable.

17. <u>Trial</u>: The parties do not anticipate this case proceeding to trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Pursuant to Local Rule 3-15, Plaintiff filed a "Certification of Interested Entities or Persons." Dkt. 9 (Feb. 23, 2023). EPA did not file such a Certification, which is only required for non-governmental parties. *See* Local Rule 3-15(a). The parties are not aware of any party with a financial interest in any party to the proceeding. As noted in the parties' joint motion to enter the proposed Consent Decree, the State of Texas, the Texas Commission on Environmental Quality, and Luminant Generation Company LLC jointly filed a public comment opposing the proposed Consent Decree, thereby indicating those parties may have a financial interest in the subject matter of this case. *See* Dkt. 34 ¶ 4.

19. <u>Professional Conduct</u>: Counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. <u>Other Matters</u>: Not applicable.

Dated October 3, 2023.                              Respectfully submitted,

/s/ Alex J. Hardee                                  /s/ Kristin Henry (by consent)
Alex J. Hardee (NC Bar No. 56321)                   Kristin Henry (CA Bar No. 220908)
United States Department of Justice                 Joshua Smith (OR Bar No. 071757)
Environment & Natural Resources Division            Dru Spiller (DC Bar No. 1736750)
Environmental Defense Section                       Sierra Club
P.O. Box 7611                                       2101 Webster Street, Suite 1300
Washington, DC 20044                                Oakland, CA 94612
202-514-2398                                        415-977-5716
alex.hardee@usdoj.gov                               kristin.henry@sierraclub.org
                                                    joshua.smith@sierraclub.org
*Attorney for Defendants*                           dru.spiller@sierraclub.org

                                                    *Attorneys for Plaintiff*