TODD KIM
Assistant Attorney General
ALEX J. HARDEE (NC Bar No. 56321)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
202-514-2398
alex.hardee@usdoj.gov

*Attorney for Defendants*

KRISTIN HENRY (CA Bar No. 220908)
JOSHUA SMITH (OR Bar No. 071757)
DRU SPILLER (DC Bar No. 1736750)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5716
kristin.henry@sierraclub.org
joshua.smith@sierraclub.org
dru.spiller@sierraclub.org

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| SIERRA CLUB,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00780-TLT<br><br>**[~~PROPOSED~~] CONSENT DECREE** |

1   WHEREAS, this Consent Decree is between Plaintiff Sierra Club and Defendants U.S. Environmental Protection Agency and Michael S. Regan in his official capacity as Administrator (collectively, EPA);

WHEREAS, Plaintiff filed this lawsuit on February 22, 2023;

WHEREAS, Plaintiff alleges EPA has failed to perform a nondiscretionary duty under the Clean Air Act (CAA), as follows;

WHEREAS, portions of Rusk and Panola Counties, Texas, have been designated as a "nonattainment" area for the 2010 sulfur dioxide ($SO_2$) National Ambient Air Quality Standard (NAAQS) effective January 12, 2017. 81 Fed. Reg. 89870 (Dec. 12, 2016) (Air Quality Designations for 2010 $SO_2$ NAAQS);

WHEREAS, within 18 months of the effective date of the nonattainment designation (by July 12, 2018), the CAA required the State of Texas to submit a State Implementation Plan (SIP) that would provide the pollution reductions necessary for the Rusk-Panola nonattainment area to attain the $SO_2$ NAAQS as expeditiously as practicable, but not later than five years from the date of the designation. 81 Fed. Reg. at 89871; *see also* 42 U.S.C. §§ 7514(a), 7514a;

WHEREAS, Texas did not submit a SIP within 18 months of the effective date of the nonattainment designation, and EPA subsequently issued a statutorily required finding of failure to submit a SIP. *See* 85 Fed. Reg. 48111 (Aug. 10, 2020) (Finding of Failure to Submit). The Finding of Failure to Submit created a duty for EPA to promulgate a Federal Implementation Plan (FIP) for the nonattainment area unless EPA takes final action approving a corrective SIP from the State within two years of the effective date of the Finding of Failure to Submit (by September 9, 2022). 85 Fed. Reg. at 48112; *see also* 42 U.S.C. § 7410(c)(1)(A);

WHEREAS, Texas subsequently submitted a SIP for the nonattainment area to EPA on February 28, 2022.[1]

WHEREAS, EPA did not issue a FIP by September 9, 2022, as Plaintiff alleges was required by 42 U.S.C. § 7410(c)(1)(A);

---

[1] *Available at* https://www.tceq.texas.gov/downloads/air-quality/sip/so2/rusk-panola/20057sip_ruskpanola_adsip_adoption_web.pdf.

1    WHEREAS, Plaintiff alleges that such alleged failure is actionable under 42 U.S.C. § 7604(a)(2). Compl. ¶ 53. Plaintiff seeks declaratory and injunctive relief as well as attorney fees and other costs of litigation pursuant to 42 U.S.C. § 7604(a) & (d). Compl. at 17;

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its nondiscretionary obligations under the CAA;

WHEREAS, Plaintiff and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiff and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiff and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiff, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiff and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiff and EPA, it is decreed that:

1. This Court has subject-matter jurisdiction over the claims set forth in the Complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(2).

2. By December 13, 2024, the appropriate EPA official shall sign a notice of final rulemaking pursuant to CAA section 110(c)(1), 42 U.S.C. § 7410(c)(1), promulgating a FIP for the Rusk-Panola nonattainment area unless the EPA approves a corrective SIP for the area satisfying the requirements of CAA section 172(c), 42 U.S.C. § 7502(c), prior to December 13, 2024.

3.  EPA shall, within 15 business days of signature of any final rulemaking required under Paragraph 2, send the final rule to the Office of the Federal Register for review and publication in the Federal Register.

4.  After the requisite EPA official has signed either action described in Paragraph 2 of this Consent Decree, the notice of final action required by Paragraph 2 has been published in the Federal Register, and the issue of costs of litigation, including reasonable attorney fees, has been resolved, EPA may move to have this Consent Decree terminated and the above-captioned matter shall be dismissed with prejudice. Plaintiff shall have 14 days to respond to such motion unless the parties stipulate to a longer time for Plaintiff to respond.

5.  The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiff and EPA with notice to the Court, or (b) by the Court upon a motion by EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiff and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following the filing of a motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply thereto.

6.  If a lapse in EPA appropriations occurs within 120 days prior to a deadline in Paragraphs 2 & 3 in this Consent Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 5.

7.  Plaintiff and EPA agree that this Consent Decree constitutes a complete settlement of any and all claims in this case, except for costs of litigation (including attorney fees).

8.  In the event of a dispute between Plaintiff and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via email, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to

resolve the dispute. If these parties are unable to resolve the dispute within 10 business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed, and the moving party has provided the other party with written notice received at least 10 business days before the filing of such motion or proceeding.

10. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until 120 days after this Consent Decree is entered by the Court. During this period, the parties shall seek to resolve any claim for costs of litigation (including attorney fees) and, if they cannot, Plaintiff will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

11. The parties stipulate that hourly rates for the District of Columbia, as enumerated in the Fitzpatrick Matrix developed by the U.S. Attorney's Office,[2] shall be used in calculating any attorney fees included in Plaintiff's claim for costs of litigation in this matter.

12. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

13. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under 42 U.S.C. § 7607(b)(1), including final action taken pursuant to 42 U.S.C. § 7410(k) approving, disapproving, or approving in part and disapproving in part a SIP submittal, or (b) to waive any claims, remedies, or defenses that the parties may have under 42 U.S.C. § 7607(b)(1).

14. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter,

---

[2] *Available at* https://www.justice.gov/usao-dc/page/file/1189846/download.

amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

15. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of law or fact, or to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree, or to any future final EPA action.

16. It is expressly agreed that this Consent Decree was jointly drafted by Plaintiff and EPA. The parties agree that all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

17. Any notices required or provided for by this Consent Decree shall be in writing, via email or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiff:

Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560
joshua.smith@sierraclub.org

For EPA:

Aaron H. Vargas
U.S. EPA Region 6, Office of Regional Counsel
1201 Elm Street
Mail Code: ORCM
Dallas TX 75270
(214) 991-8418
Vargas.Aaron@epa.gov

For DOJ:

Section Chief
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Overnight mail:
150 M Street NE
Washington, DC 20002

Alex J. Hardee
P.O. Box 7611
Washington, DC 20044
Overnight mail:
150 M Street NE
Washington, DC 20002
alex.hardee@usdoj.gov

18. EPA and Plaintiff recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law. In the event EPA asserts that an obligation under this Consent Decree would obligate the United States to pay funds in contravention of the Anti-Deficiency Act, Plaintiff may initiate the dispute resolution provisions of this Consent Decree.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

20. The undersigned representatives of Plaintiff and EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

1  IT IS SO ORDERED on this 18th day of January, 2024.

_____
RITA F. LIN
UNITED STATES DISTRICT JUDGE

SIGNED:

*[signature]*

Kristin Henry (CA Bar No. 220908)
Joshua Smith (OR Bar No. 071757)
Dru Spiller (DC Bar No. 1736750)
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5716
kristin.henry@sierraclub.org
joshua.smith@sierraclub.org
dru.spiller@sierraclub.org

*Attorneys for Plaintiff*

/s/ Alex J. Hardee
Alex J. Hardee (NC Bar No. 56321)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
202-514-2398
alex.hardee@usdoj.gov

*Attorney for Defendants*

Of counsel:

Lynde Schoellkopf
Aaron Vargas
EPA Office of Regional Counsel, Region 6

Hali Kerr
EPA Office of General Counsel